UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

    -against-

THOMAS KONTOGIANNIS, et al.,

              Defendants.

----------------------------------------X

**ORDER**

09-CR-360(KAM)

**KIYO A. MATSUMOTO,** United States District Judge:

        DLJ Mortgage Capital, Inc. ("DLJ Mortgage"), a victim entitled to restitution as set forth in the judgment in the above-captioned criminal case, requests that this court issue an order compelling non-party Granger & Associates LLC ("Granger"), counsel for defendant John Michael, to produce all documents requested from Granger by DLJ Mortgage in an October 23, 2014 Subpoena Duces Tecum.  Mr. Granger opposes DLJ Capital's request on the grounds that (1) DLJ Capital is limited to securing an abstract of judgment in order to enforce this court's restitution order and (2) DLJ Capital cannot force Mr. Michael to pay restitution "outside the manner and schedule directed by the court."  (*See* ECF No. 341, Letter from Raymond Granger dated 1/23/15.)

        DLJ Mortgage is a victim identified in the judgment and order of restitution in this case and entitled to restitution in the amount of $45,000,191.43, plus interest, under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, jointly and severally

from Mr. Michael and his co-defendants. Therefore, in accordance with 18 U.S.C. § 3664(m)(1)(B), DLJ Mortgage should request from the Clerk of Court an abstract of judgment to be registered and recorded "in accordance with the rules and requirements relating to judgments of the court of the State where the district court is located," after which the abstract of judgment shall be a lien on the defendant's property, which DLJ Mortgage would be entitled to enforce in the same manner, to the same extent, and under the same conditions as a state court judgment, including discovery. 18 U.S.C. § 3664(m)(1)(B).

Finally, the court notes that the judgment entered against Mr. Michael does not preclude DLJ Mortgage from engaging in efforts to locate Mr. Michael's assets that would be subject to the judgment. The judgment provides a minimum level of contribution, stating that Mr. Michael "shall pay restitution on the first of each month at a rate of *not less than 25%* of defendant's gross income, per month. . . ." (ECF No. 304, Judgment dated 8/1/12, at 4 (emphasis added).) The payments were temporarily modified on April 10, 2014 (ECF No. 338), based on Mr. Michael's April 2, 2014 sworn financial statement (*see* ECF No. 334); however, he is now ordered to provide an updated sworn financial statement to this court no later than March 2, 2015.

Accordingly, although the court respectfully disagrees with Mr. Granger's assertion that DLJ Mortgage cannot take steps

to locate Mr. Michael's assets, the court denies without prejudice DLJ Mortgage's application for an order compelling Mr. Granger to produce documents pursuant to the October 23, 2014 subpoena.  Once DLJ Mortgage registers the abstract of judgment, it will be entitled to enforce the judgment, including serving subpoenas on third parties to locate assets of the defendant(s).

**SO ORDERED.**

Dated:   February 25, 2015
         Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge
Eastern District of New York